UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON
CIVIL ACTION NO. 08-CI-_____

KEITH TODD                                                      PLAINTIFF

v.                                   **COMPLAINT**

LEXINGTON FAYETTE URBAN COUNTY GOVERNMENT            DEFENDANT

** ** ** ** ** ** ** ** **

Plaintiff Keith Todd for his cause of action against defendant Lexington Fayette Urban County Government states as follows:

I

**Nature of the Action**

1.      This is an action under the Fair Labor Standards Act and KRS 337.385 for overtime compensation due and owing plaintiff by defendant, for liquidated damages based on defendant's willful failure and refusal within the meaning of the applicable statutes to pay plaintiff the overtime compensation due him, and for prejudgment interest, costs, expenses, and attorney's fees.

II

**Jurisdiction and Venue**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it raises a question of federal law and pursuant to 28 U.S.C. § 1367 because the state and federal law claims arise out of a common nucleus of operative fact.

3.      Venue is proper in this court because the claims herein arose in Fayette County, Kentucky.

1

**III**

**Parties**

4.     Plaintiff Keith Todd is a citizen of the United States of America and resides in Fayette County, Kentucky.

5.     Defendant Lexington Fayette Urban County Government (LFUCG) is an urban county government organized pursuant to KRS Chapter 67A.

**IV**

**Facts Giving Rise to the Lawsuit**

6.     At all times pertinent hereto, Todd was employed by LFUCG as a police officer for the LFUCG Division of Police.

7.     By reason of Todd's employment with the LFUCG Division of Police, LFUCG was Todd's "employer" within the meaning of 29 U.S.C. § 203 (d), and Todd was an "employee" of LFUCG within the meaning of 29 U.S.C. § 203(e). The same was true under KRS Chapter 337.

8.     At all times pertinent hereto, LFUCG is and has been subject to the requirement under 29 U.S.C. § 207 and KRS 337.285 that employees may not work more than forty (40) hours per work without receiving "overtime" compensation at a right not less than one at one half times the regular rate of pay.

9.     Beginning in and about May, 2006, Todd was required by his employer, LFUCG, to attend and participate, as a material and mandatory term and condition of his employment, certain prescribed counseling sessions, both individual and group.

2

10.     Defendant selected and identified the counselor it required plaintiff to see on an individual basis.

11.     Defendant, in addition to selecting and identifying the counselor it required plaintiff to see, also prescribed the frequency of plaintiff's sessions with the counselor.

12.     Defendant required plaintiff, as a term and condition of his employment, to provide it with proof of his attendance at the aforementioned counseling sessions.

13.     Defendant, in addition to plaintiff's individual counseling sessions with the counselor it had selected and identified, also required plaintiff to attend, as a term and condition of his employment, certain group counseling sessions.

14.     Defendant prescribed, as a term and condition of plaintiff's employment, the frequency of plaintiff's attendance at the required group counseling sessions.

15.     Defendant further prescribed, as a term and condition of plaintiff's employment, that plaintiff provide it with proof of his attendance at the required group counseling sessions.

16.     Plaintiff's time spent traveling to and from and attending the required individual and group counseling sessions is compensable under both the Fair Labor Standards Act and KRS Chapter 337.

17.     Such mandatory attendance at the aforesaid counseling sessions was in addition to Todd's work as a police officer and for each work week

3

pertinent to this Complaint he worked a minimum of 40 hours performing police officer duties.

18.     In addition to the 40 hours per week performing regular police officer duties, Todd also expended approximately 443.5 hours traveling to and from and participating in and attending the aforementioned counseling sessions that were a term and condition of his employment by LFUCG.

19.     Although the time Todd spent attending the aforesaid counseling sessions was in excess of his regular 40 hour work week, Todd, contrary to the requirements of the Fair Labor Standards Act and KRS Chapter 337, was not compensated for any of this time at all.

20.     Todd has made demand to defendant for payment of the wages he has earned and which defendant has not paid.

21.     Defendant has acknowledged that Todd's attendance at the counseling session was a mandatory term and condition of his ongoing employment by defendant.

22.     Todd has provided defendant with legal authority holding that time spent by an employee traveling to and attending mandatory counseling sessions that are a term and condition of his employment are compensable under the Fair Labor Standards Act.

23.     Defendant has willfully failed and refused to pay Todd the overtime compensation he has earned and which are due and owing him.

## V

## Causes of Action

### Count I – Fair Labor Standards Act

24.     Todd incorporates herein paragraphs 1-23 hereof.

25.     Defendant's failure to pay Todd the overtime compensation he has earned and which is due and owing him violates the Fair Labor Standards Act.

### Count II – KRS 337

26.     Todd incorporates herein paragraphs 1-25 hereof.

27.     Defendant's failure and refusal to pay Todd the overtime compensation he has earned and which is due and owing him violates KRS Chapter 337.

## VI

## DEMAND FOR RELIEF

WHEREFORE, plaintiff Keith Todd demands entry of judgment as follows:

(1)     Entry of a judgment awarding him the overtime compensation he has earned and which is due and owing him in an amount as established by the evidence;

(2)     Entry of a judgment awarding him liquidated damages arising from defendant's willful failure and refusal to pay Todd the overtime compensation he has earned;

(3)     Entry of a judgment awarding him his attorney's fees, costs, and expenses in accordance with the Fair Labor Standards Act and KRS 337.385; and

(4)     All other relief to which he is entitled.


Respectfully submitted,

BY: /s/ Robert L. Abell
ROBERT L. ABELL
271 W. Short Street, Suite 200
PO Box 983
Lexington, KY 40588-0983
859-254-7076
859-231-0691 FAX
E-mail: Robert@RobertAbellLaw.com
COUNSEL FOR PLAINTIFF

6